**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-1482**

_____

GERARD OUSLEY,

                Plaintiff – Appellant,

     v.

ROBERT A. MCDONALD, Secretary of the Department of Veterans
Affairs,

                Defendant - Appellee.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., Chief District Judge.  (1:12-cv-00031-WO-LPA)

_____

Submitted:  April 27, 2016           Decided:  May 16, 2016

_____

Before KING, KEENAN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James E. Hairston, Jr., Raleigh, North Carolina, for Appellant.
John Stuart Bruce, Acting United States Attorney, Jennifer P.
May-Parker, Sharon C. Wilson, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerard Ousley appeals the district court's grant of summary judgment, which dismissed his complaint alleging that the Department of Veterans Affairs engaged in race-based discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17 (2012). Specifically, Ousley alleged that he was wrongly removed from his position as Police Chief at the Department of Veterans Affairs Medical Center in Durham, North Carolina ("DVAMC"). On appeal, Ousley argues that the district court abused its discretion in permitting only limited discovery before granting summary judgment and erred, as a matter of law, in granting summary judgment. We affirm.

We review a district court's decision to grant summary judgment without discovery for abuse of discretion. See Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002). Generally, "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n.5 (1986). After reviewing the record in this case, we discern no abuse of discretion in the district court's decision to permit only limited discovery before ruling on the Secretary's summary judgment motion. The parties engaged in substantial discovery

2

before the Equal Employment Opportunity Commission, where Ousley was represented by counsel. Further, Ousley fails to specify the manner in which additional discovery would alter the result in this case.

We next review the merits of the district court's grant of summary judgment de novo, drawing all reasonable inferences in favor of the nonmoving party. Butler v. Drive Auto. Indus. of Am., Inc., 793 F.3d 404, 407 (4th Cir. 2015). Summary judgment is only appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In opposing summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013).

Title VII prohibits federal employers from discriminating against employees on the basis of race. 42 U.S.C. § 2000e-16 (2012). Every case in which a plaintiff alleges disparate treatment on the basis of a protected trait poses the same ultimate question: "whether the plaintiff was the victim of intentional discrimination." Hill v. Lockheed Martin Logistics, 354 F.3d 277, 286 (4th Cir. 2004) (en banc) (internal quotation marks omitted), abrogated in part on other grounds, Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2533 (2013). To

3

that end, an individual alleging racial discrimination must show that the protected trait "actually played a role in the employer's decisionmaking process and had a determinative influence on the outcome." Id. (internal quotation marks omitted).

Determining the actual decisionmaker responsible for the adverse employment action can be paramount to determining whether the protected trait played a role in the decision. Id. at 286-87. Generally, employers are liable only for the acts of employees with supervisory authority who are empowered to make "tangible employment decisions." Id. at 287. But form does not triumph over substance:

> When a formal decisionmaker acts merely as a cat's paw or rubber-stamps a decision, report, or recommendation actually made by a subordinate, it is not inconsistent to say that the subordinate is the actual decisionmaker or the one principally responsible for the contested employment decision, so long as he otherwise falls within the parameters of the discrimination statute's definition of an employer or agent of the employer.

Id. at 290.

We concur with the district court's identification of the actual decisionmaker in this case. The record shows that William Dale Hendley, whom Ousley charges as the puppeteer behind his demotion, merely acted as a consultant for Ralph T. Gigliotti, DVAMC's Director, who had the sole power to make the contested decision. As a result, the district court properly

4

focused on Gigliotti's motivations in considering whether to grant summary judgment.

With this threshold issue decided, we turn to the two means by which a plaintiff can establish discrimination under Title VII: (1) "through direct and indirect evidence," also known as the "mixed-motive" framework; or (2) "through the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 [(1973)]," also known as the "pretext" framework. Foster v. Univ. of Maryland-Eastern Shore, 787 F.3d 243, 249 (4th Cir. 2015).

Under the "mixed-motive" framework, a plaintiff succeeds if he "demonstrates that race . . . was a motivating factor for any employment practice, even though other factors also motivated the practice." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 317 (4th Cir. 2005) (internal quotation marks omitted). The plaintiff may do so through direct or circumstantial evidence. Id. at 318. This evidence must both display a "discriminatory attitude" and bear a causal relationship with the adverse employment action. Warch v. Ohio Cas. Ins. Co., 435 F.3d 510, 520 (4th Cir. 2006).

The materials before us offer insufficient direct or indirect evidence to suggest that race was a motivating factor in Ousley's demotion. The record reflects little, if any,

5

"discriminatory attitude" toward Ousley's race. Therefore, the district court properly dismissed his mixed-motive claim.

Under the "pretext" framework, the plaintiff bears the initial burden to show a prima facie case of discrimination. Laing v. Fed. Express Corp., 703 F.3d 713, 719 (4th Cir. 2013). If he does so, the burden shifts to the employer, who must proffer a legitimate, nondiscriminatory reason for the adverse employment action. Id. If the employer does so, the burden shifts back to the plaintiff to demonstrate that the employer's proffered reason was merely a pretext for discrimination. Id.

When evaluating pretext, it is not within our purview to question whether the employer's proffered basis for the disputed action "was wise, fair, or even correct, ultimately, so long as it truly was the reason for" the action. Id. at 722 (internal quotation marks omitted). In order to succeed at this stage, the plaintiff must "show both that the reason advanced was a sham and that the true reason was an impermissible one under the law." Russell v. Microdyne Corp., 65 F.3d 1229, 1235 (4th Cir. 1995).

In this case, the evidence does not show that DVAMC's proffered bases for demoting Ousley were pretextual. Ousley fails to show that the dual investigations resulting in his demotion were anything but independent and unbiased. These investigations concluded that Ousley exercised poor judgment and

6

that his department suffered from numerous deficiencies. Therefore, the district court properly concluded that Ousley failed to support his burden of showing pretext.

Accordingly, we affirm the district court's order granting summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED